IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ABU SYED SIDDIQUE,

    Plaintiff,

vs.

JESS PETROLEUM, INC., and
NURUDDIN SHEIKH, an individual,
jointly and severally,

    Defendants.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, ABU SYED SIDDIQUE, pursuant to §§ 206 and 207 of the Fair Labor Standards Act and Florida Statutes Chapter 448 (Florida Minimum Wage Act) through undersigned counsel and sues Defendants, JESS PETROLEUM, INC., and NURUDDIN SHEIKH, in his individual capacity, for declaratory relief, injunctive relief, and damages. Plaintiff is also suing Defendants for violations of Florida's Deceptive and Unfair Trade Practices Act, Florida Statutes, Sec. 501.211 ("FDUTPA"). Finally, Plaintiff is suing Defendants for filing fraudulent information returns in violation of 26 U.S.C. Sec. 7434. In support hereof, Plaintiff states:

## NATURE OF ACTION

1. Plaintiff brings this action against Defendants for unpaid minimum wages and overtime violations under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq*. ("FLSA") and the Florida Minimum Wage Act. In addition, Plaintiff is suing Defendants for failing to pay him any wages and thus not withholding employment taxes, and contribution payments required for Florida's unemployment compensation fund in violation of FDUTPA. Finally, Plaintiff is

suing Defendants for filing fraudulent tax returns with the intent to avoid paying Federal payroll taxes and state unemployment taxes in violation of 26 U.S.C. Sec. 7434.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the claims herein pursuant to 29 U.S.C. § 216(b), which allows for an action to be brought in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

3. Venue is proper in this Court because the parties resided within the Southern District of Florida and the events that comprise the litigation occurred with the Southern District.

## PARTIES

4. Plaintiff is an individual now residing in New York, and was engaged in commerce as defined by the FLSA while employed by Defendants.

5. JESS PETROLEUM, INC. (hereinafter, "JESS") is in the business of owning and operating a retail food/fuel store named Marathon. SHEIKH is the owner and operator of Marathon in that he operated and continues to operate Marathon on a day to day basis, managed and continues to manage its employees, hired and continues to hire employees, fired and continues to fire employees, set the pay and continues to set the pay, and otherwise controlled the terms and conditions of Siddique's employment, and continues to control the terms and conditions of the employment of other employees similarly situated. Thus, SHIEKH is Plaintiff's employer as defined by the FLSA.

6. Marathon is the trade name of JESS, a Florida profit corporation located and doing business in Broward County, is an enterprise engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. §§ 206 and 207.

7. At all times material hereto, Marathon is an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) with annual gross sales in excess of $500,000 within the meaning of the FLSA, and is thus subject to the requirements of the FLSA.

8. SHIEKH is an individual residing in Palm Beach County, Florida and is an officer and/or owner of Marathon whom during all times relevant to this Complaint was acting directly or indirectly in the interest of Marathon in relation to Plaintiff's employment and was substantially in control of the terms and conditions of Plaintiff's work. Specifically, he hired the Plaintiff, set the Plaintiff's pay (or lack thereof), determined the Plaintiff's work hours and job duties, and ultimately implemented the scheme to fraudulently induce Plaintiff to work without wages. Therefore, SHIEKH is considered Plaintiff's statutory employer under the FLSA along with Marathon.

9. Plaintiff, at all times material, worked for Defendants as a retail clerk for the aforementioned retail store from June 28, 2021 until March 2, 2022. Therefore, this Court has jurisdiction over this case.

## STATEMENT OF FACTS

10. Defendants hired Plaintiff on or about June 28, 2021, where he worked until March 2, 2022.

11. Plaintiff was a retail store clerk.

12. Defendants failed to pay Plaintiff any wages. Instead of paying Plaintiff wages, Defendants agreed to assist the Plaintiff with obtaining his green card and work permit. Such in-kind compensation is not permitted by the Fair Labor Standards Act.

13. Plaintiff did not supervise employees.

14. Plaintiff did not set employee schedules.

15. Plaintiff did not have the authority to hire or fire employees.

16. Plaintiff did not have the authority to set rates of pay.

17. Plaintiff did not implement company policies or procedures.

18. Plaintiff did not have the authority to discipline employees.

19. Plaintiff did not need advanced education or training to perform his job functions.

20. Plaintiff did not exercise independent judgment.

21. Plaintiff regularly worked in excess of forty (40) hours per week; to wit, Plaintiff worked approximately 9-10 hours per day or more, seven days per week. Defendants set Plaintiff's schedule and were fully aware of the number of hours that he was working each week.

22. However, Defendants failed to pay Plaintiff a minimum wage or overtime.

23. At all times material hereto, Plaintiff performed the essential functions of his job in a professional and competent manner.

24. While employed by Defendants, Plaintiff was a non-exempt employee as that term is defined by the FLSA.

25. Despite Plaintiff's non-exempt status, and despite the fact that Plaintiff worked approximately 65 hours per week, Plaintiff was not paid any compensation.

26. Defendants kept accurate time records of the hours that Plaintiff worked.

27. Since Defendants failed to pay the Plaintiff any wages whatsoever, Defendants did not deduct payroll taxes in violation of Federal tax laws.

28. Plaintiff has retained the law firm of Robert S. Norell, P.A. to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

## COUNT I
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FAIR LABOR STANDARDS ACT AND THE FLORIDA MINIMUM WAGE ACT AS TO ALL DEFENDANTS

29. Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1-28, supra.

30. Defendants repeatedly and willfully violated the FLSA and the FMWA by failing to pay any wages to the Plaintiff.

31. As a direct and proximate result of Defendants' acts, Plaintiff suffered and continues to suffer damages.

WHEREFORE, Plaintiff demands judgment against all Defendants for the following:

a. Declaratory judgment under Fed. R. Civ. Pro. 57 and 28 U.S.C. § 2201;

b. Injunctive relief;

c. Unpaid minimum wages found to be due and owing;

d. An additional equal amount as liquidated damages;

e. Pre- and Post-Judgment Interest;

f. Attorney's fees and costs; and

g. Such other relief as the Court deems just and equitable.

## COUNT II
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT AS TO ALL DEFENDANTS

32. Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1-28, supra.

33. Defendants repeatedly and willfully violated the FLSA by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours.

34. As a direct and proximate result of Defendants' acts, Plaintiff suffered and continues to suffer damages.

WHEREFORE, Plaintiff demands judgment against all Defendants for the following:

a. Declaratory judgment under Fed. R. Civ. Pro. 57 and 28 U.S.C. § 2201;

b. Injunctive relief;

c. Unpaid overtime wages found to be due and owing;

d. An additional equal amount as liquidated damages;

e. Pre- and Post-Judgment Interest;

f. Attorney's fees and costs; and

g. Such other relief as the Court deems just and equitable.

## COUNT III
## VIOLATION OF FDUTPA AS TO JESS PETROLEUM

35. Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1-28, supra.

36. The actions of Defendant JESS PETROLEUM are unfair and deceptive trade practices prohibited by Florida Statutes.

37. Defendant paid no wages to Plaintiff and therefore failed to withhold employment taxes.

38. This fraudulent and unlawful scheme of luring Plaintiff to work for free in exchange for help obtaining his work permit and green card serves to enhance Defendant's gross revenues by avoiding the payment of wages, Federal payroll and unemployment tax obligations while prejudicing law-abiding competing businesses.

39. As a direct and proximate result of Defendant' acts, Plaintiff suffered and continues to suffer damages.

WHEREFORE, Plaintiff demands judgment against Defendant JESS PETROLEUM for the following:

   a. Declaratory judgment under Fed. R. Civ. Pro. 57;
   b. Injunctive relief;
   c. Actual damages per Florida Statutes, Sec. 501.211(2);
   d. Pre- and Post-Judgment Interest;
   e. Attorney's fees and costs under Florida Statutes, Sec. 501.211(2); and
   f. Such other relief as the Court deems just and equitable.

## COUNT VI
## VIOLATION OF 26 U.S.C. Sec. 7434 AS TO ALL DEFENDANTS

40. Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1-28, supra.

41. Marathon, through SHEIKH, violated 26 U.S.C. Sec. 7434 by willfully causing fraudulent information returns to be prepared by their payroll service.

42. Marathon through SHEIKH, failed to include all of its employees when filing its 941 reports with the Internal Revenue Service, including the Plaintiff, so that it would pay less employment taxes.

43. Plaintiff is entitled to damages resulting in harm to him for Defendants' violation of this statute.

44. As a direct and proximate result of Defendants' acts, Plaintiff suffered and continues to suffer damages.

45. Pursuant to 26 U.S.C. Sec. 7434(d), a copy of this Complaint will be served on the Internal Revenue Service, 7850 S.W. 6th Ct., Plantation, FL 33324.

WHEREFORE, Plaintiff demands judgment against Defendants for the following:

a. Declaratory judgment under Fed. R. Civ. Pro. 57;

b. Injunctive relief;

c. Actual damages or a minimum $5,000 penalty (whichever is greater) pursuant to 26 U.S.C. Sec. 7434(b) for each fraudulent information filed;

d. Pre- and Post-Judgment Interest;

e. Attorney's fees and costs;

f. Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a jury trial on and for all issues so triable.

Dated: December 19, 2022
Plantation, Florida

Respectfully submitted,

*/s/Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 NW 70th Avenue
Suite 305
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*